IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTONIO MEDRANO ORTIZ,         )
                               )
            Plaintiff,         )
                               )
       v.                      )       1:24CV262
                               )
SHATEEMA PICKNEY, et al.       )
                               )
            Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. In the Complaint (Docket Entry 2), Plaintiff alleges that a prison guard wrongfully pepper sprayed him, that another guard placed him in a segregation cell without an outlet for his CPAP machine, and that he was wrongfully convicted of a disciplinary violation based on the pepper spraying incident. He names several prison employees as Defendants and seeks damages as relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from defendants with immunity from such relief.

According to the Complaint, Plaintiff was sleeping in his bunk while using his CPAP mask on July 31, 2023 when Defendant Shateema Pickney stopped, grabbed a sheet that was hanging over his bunk, and, when Plaintiff tried to sit up, she pepper sprayed him in his face and head. (Docket Entry 2 at 17.) It alleges that she sprayed Plaintiff without cause and for 45 seconds. (Id.) Another officer then took Plaintiff to segregation where he was decontaminated and examined by a nurse. (Id.) Defendant Sergeant Bernie then took Plaintiff to a cell without an electrical outlet. (Id. at 17-18.) Plaintiff allegedly informed Defendant Bernie that he needed an outlet to plug in his CPAP, to which Defendant Bernie replied "I know it," and left. (Id. at 18.) Plaintiff was kept in segregation without his CPAP

-4-

for 7 days during which time he complains that he developed throbbing headaches and blurred vision. (Id. at 18, 20.) Plaintiff was charged with and convicted of two prison disciplinary offenses. (Id. at 20, 28-31.) According to Defendant Pickney at Plaintiff's disciplinary hearing, Plaintiff placed a sheet on each side of his bunk so that he could not be seen and, when she attempted to remove them, he aggressively pulled at the sheet and refused a direct order to let go. (Id. at 29, 31.) She then pepper sprayed Plaintiff. (Id.) Defendant Tamika Smith was the investigating officer, Defendant Regina Hampton was the hearing officer, and Defendant Bond handled the appeals of the conviction. (Id. at 20, 23.) The Complaint alleges several issues with the disciplinary hearing and appeal process. (Id. at 20.)

The Court first notes that Defendants are all named in both their official and individual capacities. They are also state employees, which means that any official capacity claims are the same as a suit against the State of North Carolina. However, neither the State nor it agencies are "persons" subject to suit under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Further, the Eleventh Amendment to the United States Constitution would limit any relief to a prospective injunction to remedy an ongoing violation of federal law and Plaintiff seeks no such remedy. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010). Therefore, the Complaint does not state a viable claim against Defendants in their official capacities and the official capacity claims should be dismissed. This Recommendation will only discuss individual capacity claims further.

The claims against Defendants Pinkney, Smith, Hampton, and Bond all stem from either Pickney's pepper spraying of Plaintiff or the related disciplinary hearing process that followed. Granting any of those claims would necessarily call Plaintiff's disciplinary convictions into question. Plaintiff cannot maintain a claim based on any of these allegations for two reasons. First, according to the exhibits attached to the Complaint, Plaintiff's disciplinary convictions involved a loss of good time credits, which means that the convictions must be challenged in a separate habeas proceeding under 28 U.S.C. § 2254, not in an action under § 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (discussing good time credits in the context of prison disciplinary proceedings); see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting Preiser, 411 U.S. at 487-88)). Second, Plaintiff may not raise claims necessarily undermining his disciplinary convictions without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994) (establishing this rule for criminal convictions); Moskos v. Hardee, 24 F. 4th 289, 295-96 (4th Cir. 2022) (extending the rule in Heck to prison disciplinary convictions at least where the loss of good time is involved). The Complaint does not allege that the convictions were ever overturned.

Therefore, all remaining claims except the individual capacity claim against Defendant Bernie are barred by Heck and should be dismissed.

As for Defendant Bernie, the Complaint alleges that he placed Plaintiff in a segregation cell where Plaintiff could not use his CPAP even though he acknowledged that Plaintiff needed to use it. Plaintiff contends that this violated the Eighth Amendment to the United States Constitution because Defendant Bernie "knew [Plaintiff was] a C-PAP recipient, knew [he] was ill, and knew [he] was at risk of die [sic] if [he did] not use [his] C-PAP machine." (Docket Entry 2 at 25-26.) The factual allegations in the Complaint only establish that Defendant Bernie knew that Plaintiff was a CPAP recipient and that the room he placed Plaintiff in did not contain an outlet that would allow Plaintiff to use the machine. Plaintiff is not correct that the alleged facts show that Defendant Bernie knew Plaintiff was ill or at serious risk of dying or other substantial harm if he did not use it. Further, to establish his claim, Plaintiff must plead facts showing that Defendant Bernie acted with deliberate indifference to his serious medical needs  Estelle v. Gamble, 429 U.S. 97, 104 (1976); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). More specifically,

> [a] medical need qualifies as serious if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." [Iko, 525 F.2d at 241] (internal quotation marks omitted). A defendant displays deliberate indifference where he possesses knowledge of the risk of harm to an inmate and knows that "his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." Id. (emphasis and internal quotation marks omitted); see also Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("To prove deliberate indifference, plaintiffs must show that 'the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.' "

-7-

Case 1:24-cv-00262-LCB-LPA    Document 3    Filed 04/04/24    Page 7 of 10

(brackets in original) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994))).

> "[D]eliberate indifference entails something more than mere negligence, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. "It requires that a [defendant] actually know of and disregard an objectively serious condition, medical need, or risk of harm." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (internal quotation marks omitted). A plaintiff can satisfy this standard by showing " 'that a [defendant] knew of a substantial risk from the very fact that the risk was obvious.' " Scinto, 841 F.3d at 226 (quoting Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015)).

Durand v. Charles, No. 1:16CV86, 2016 WL 7495811, at *4 (M.D.N.C. Dec. 30, 2016) (unpublished), report and rec. adopted, 2017 WL 389108 (M.D.N.C. Jan 26, 2017).

Again, the Complaint contains facts demonstrating that Defendant Bernie knew Plaintiff used a CPAP generally and that he could not use it in the cell where Defendant Bernie placed Plaintiff. However, it does not contain facts showing what, if anything, Defendant Bernie knew about any excessive risk to Plaintiff. It also does not contain allegations that Defendant Bernie knew Plaintiff would be or was in that cell for a prolonged period of time or that Defendant Bernie was responsible for that assignment. The Complaint further does not allege that Plaintiff made any actual attempt at being moved to a different cell or that Defendant Bernie prevented such a move. Finally, it is not clear that Plaintiff suffered any damage or injury as a result of the lack of use of his CPAP machine for just seven days. The Complaint alleges that he began suffering from headaches and blurred vision during this time. However, it also alleges that these symptoms continued long after Plaintiff was released from segregation and began using his CPAP again. (Docket Entry 2

-8-

Case 1:24-cv-00262-LCB-LPA   Document 3   Filed 04/04/24   Page 8 of 10

at 21-23.) Therefore, it is not at all clear that the lack of use of the CPAP for a few nights caused the alleged problems. Given all of these deficiencies, the Complaint does not state an individual capacity claim against Defendant Bernie at this time. It is possible that Plaintiff may be able to amend his Complaint to state a claim. Therefore, the dismissal should be without prejudice to Plaintiff attempting to do so if he chooses.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment if funds are available. A review of Plaintiff's *in forma pauperis* application shows that they are not. Therefore, the Court will not order an initial partial payment but will instead order Plaintiff's custodian to deduct payments form his prison trust account as funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2024, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against defendants who are immune from such relief except that the individual capacity claim against Defendant Bernie should be dismissed without prejudice to Plaintiff amending his Complaint if he can state a proper claim for relief.

This, the 4th day of April, 2024.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**