IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTONIO MEDRANO ORTIZ, )
)
      Plaintiff, )
)
v. )    1:24CV262
)
SHATEEMA PICKNEY, et al. )
)
      Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The undersigned previously entered an Order and Recommendation (Docket Entry 3) recommending that the case be dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against defendants who are immune from such relief. However, the Order and Recommendation also noted that it was possible that Plaintiff could amend the Complaint to successfully allege a claim against one of the Defendants, Sergeant Bernie. Therefore, the recommendation as to the claim against Defendant Bernie was that it be dismissed without prejudice. Plaintiff then filed a Motion to Amend (Docket Entry 5) seeking to amend the Complaint in an attempt to successfully state a claim against Defendant Bernie. Plaintiff can amend his Complaint one time as of right under Fed. R. Civ. P. 15(a). Therefore, the Motion to Amend, although unnecessary, will be granted and the allegations in the Motion to Amend will now be considered together with the Complaint.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. (continued...)

According to the Complaint, after an officer pepper sprayed Plaintiff, another officer took Plaintiff to segregation, where he was decontaminated and examined by a nurse. (Docket Entry 2 at 17.) Defendant Sergeant Bernie then took Plaintiff to a cell without an electrical outlet. (Id. at 17-18.) Plaintiff allegedly informed Defendant Bernie that he needed an outlet to plug in his CPAP machine, to which Defendant Bernie replied "I know it," and left. (Id. at 18.) Plaintiff was kept in segregation without his CPAP machine for seven days during which time he complained that he developed throbbing headaches and blurred vision. (Id. at 18, 20.) Plaintiff claimed that these actions violated the Eighth Amendment to the United States Constitution because Defendant Bernie "knew [Plaintiff was] a C-PAP recipient, knew [he] was ill, and knew [he] was at risk of die [sic] if [he did] not use [his] C-PAP machine." (Docket Entry 2 at 25-26.)

The prior Order and Recommendation pointed out that Plaintiff needed to plead facts showing that Defendant Bernie acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, although the Complaint alleged that Defendant Bernie knew

---

¹(...continued)
89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

-3-

Case 1:24-cv-00262-LCB-LPA   Document 6   Filed 05/01/24   Page 3 of 5

Plaintiff used a CPAP machine generally and that he could not use it in the cell where Defendant Bernie placed Plaintiff, it did not contain facts establishing that Defendant Bernie knew about any excessive risk to Plaintiff, that Defendant Bernie knew Plaintiff would be or was in that cell for a prolonged period of time, or that Defendant Bernie was responsible for that assignment. It also did not allege that Plaintiff made any attempt at being moved to a different cell or that Defendant Bernie prevented such a move. Finally, the prior Order and Recommendation noted that it was not clear that Plaintiff suffered any damage or injury as a result of the lack of use of his CPAP machine for just seven days. Based on those deficiencies, the Complaint did not state a claim against Defendant Bernie, but it was at least possible that Plaintiff might be able to amend his Complaint to state a claim. Therefore, the recommendation was that any dismissal should be without prejudice to Plaintiff attempting to amend his Complaint to state a claim against Defendant Bernie.

As stated above, Plaintiff did amend his Complaint to add new allegations against Defendant Bernie. The Motion to Amend includes allegations that Defendant Bernie was present when the nurse assessed Plaintiff after the pepper spraying and that the assessment included the fact that Plaintiff needed a CPAP machine and a room with a wall outlet for the machine. (Docket Entry 5 at 2.) It also alleges that Defendant Bernie was responsible for assigning Plaintiff to the cell without the outlet, that he knew Plaintiff would be there for a long time, and that Plaintiff asked Defendant Bernie about a cell with a wall outlet several times and even went on a multi-day hunger strike to force a move. (Id. at 5.) As for injury,

the Motion to Amend alleges that there is only one suffering, damage, or injury associated with the deprivation of a CPAP machine "and it is death!" (Id. at 3.)

Taking Plaintiff's new allegations into account, he claims that the only injury that could have occurred from his inability to uses his CPAP machine is death. Obviously, Plaintiff did not die. Therefore, he does not allege any actual physical injury from the temporary deprivation. Plaintiff may be seeking damages for mental or emotional injury. However, Plaintiff cannot seek damages for mental injuries without a showing of physical harm, which he fails to make. 42 U.S.C. § 1997e. Plaintiff is not entitled to any compensatory damages and no other relief is appropriate based on the facts alleged. Therefore, Petitioner cannot state any claim upon which relief can be granted and the entire Complaint should be dismissed with prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend is granted in that it is treated as an amendment as of right to his Complaint.

IT IS RECOMMENDED that Plaintiff's claims not related to Defendant Bernie be dismissed with prejudice for the reasons set out in the prior Order and Recommendation that his claim against Defendant Bernie be dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 1st day of May, 2024.

                                            /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                      **United States Magistrate Judge**